BOLIN, Judge.
Orville C. Robinson, owner and driver of a log truck with tandem trailer, sues for damages arising out of a collision between his truck and a Ford automobile owned by Melvin C. Garrett and being driven by his minor daughter, Kathleen A. Garrett. Joined as defendants were Mr. Garrett, his minor daughter and Traders and General Insurance Company, the liability insurer of the Garrett automobile. It was stipulated plaintiff’s damages were $5151.77 and, if recovery were allowed, damages would be assessed solely against Traders and General Insurance Company. For written reasons the trial judge found both drivers negligent and rejected plaintiff’s demands under defendants’ alternative plea of contributory negligence. From this judgment plaintiff appeals.
Since affirmance of the finding of contributory negligence against Robinson would preclude his recovery, the sole question is whether the lower court was correct in its conclusion that the accident was caused by the negligence of both drivers.
The collision occurred during daylight hours when visibility was good and the surface of the blacktop road was dry. In the vicinity of the wreck,- which occurred on U. S. Highway 80 east of Monroe, Louisiana, the road runs generally east and west. Kathleen Garrett was driving the Ford east and Robinson was following in his log truck. Near the point of impact Beasley Street forms a T-intersection with Highway 80 from the north or to the left of the two drivers. From the west up to the point of the Beasley Street intersection the highway is a four-lane thoroughfare. For a considerable distance before reaching the intersection from the west there are double yellow lines on Highway 80. At or near the Beasley Street intersection Highway 80 narrows to a two-lane road and forms a “Y” with the Old Bastrop Road, which veers off to the left in a northeasterly direction.
On the day of the accident Kathleen, accompanied by her stepmother, was approaching the described intersection and was intending to turn left into Beasley Street. Robinson, still following the Garrett vehicle, intended to bear to his left into the Old Bastrop Road. Kathleen testified she was in the inside lane for eastbound traffic; that she signalled her intention to turn left by engaging the left blinker light on her automobile before reaching the T-intersection; that she did not see the overtaking truck; that as she turned left to enter Beasley Street she apparently struck the truck which was passing her vehicle on the left or in the west-bound lane of traffic.
Robinson testified the Garrett Ford was in the outside lane for east-bound traffic and his truck was in the inside lane; that the Ford turned left directly in front of him; that he engaged the brakes on the tractor portion of his truck, the brakes on the trailer unit being inoperative, cut to his left and that the accident occurred in the west-bound lane approximately where Beasley Street intersects Highway 80.
Two men, who were sitting in a pickup truck in a parking area on the north side of Highway 80, testified they saw the wreck. However, the trial judge attached little weight to their testimony, which was generally favorable to Robinson. Mrs. Garrett’s testimony was substantially the same as that of her stepdaughter. Two state troopers arrived about ten minutes after the accident. They made observations of the area, measured the skid marks and questioned some of the witnesses.
As observed by the trial judge the physical layout of the highway and of the streets, at the place of the accident, has created one of the most dangerous and hazardous areas in that section of the state. There were no traffic-control signs at or near either the T or the Y-intersections. Both drivers were familiar with and cognizant of the inherent dangers of the area. Under these circumstances a motorist, in *161 tending either to turn left into Beasley Street or to veer left on the Old Bastrop Road, was charged with a high degree of care.
The testimony of the witnesses is irreconcilable and this was so found by the trial judge. From our review of the record we find the following facts. Kathleen Garrett was proceeding east in the inside lane intending to turn left on Beasley Street. Approximately 150 feet before reaching the intersection she gave the left-turn signal. She did not make proper observation to her rear before beginning her left turn. As Robinson was overtaking the Garrett automobile he drove his truck to the left of the double yellow lines at least 150 feet west of the Beasley intersection. He admitted he “cut the yellow lines” a short distance in order to “head” toward the Old Bastrop Road, which veered to the left at the Y-intersection just beyond Beasley. While Robinson’s truck was partially over the double yellow lines, encroaching on the inside lane of the four-lane' highway for west-bound traffic, he noticed the left-turn blinker on the Garrett vehicle. He applied the brakes of his truck and skidded approximately 100 feet to the left of the double yellow lines before his truck was struck by the left-turning Garrett car. After the impact the truck-trailer unit skidded an additional 65 feet.
In his brief written reasons for judgment the district judge stated:
“ * * * the Court can come to no conclusion other than that both of these parties were guilty of negligence — about as inattentive to their surroundings as it is possible to be in one of the more difficult and obviously dangerous areas in this whole section which almost itself creates hazards without the intervention of human negligence.”
The findings of the trial judge are amply supported by the record. Kathleen Garrett was guilty of negligence in attempting a left turn from a main highway without first having ascertained that such a maneuver could be made in safety. Robinson was guilty of negligence in attempting to overtake and pass the Garrett vehicle to the left of double yellow lines and in not making proper observation in an area where traffic and highway conditions were extremely hazardous. We further find the negligence of Robinson was a contributing cause of the accident.
The judgment appealed from is affirmed at appellant’s cost.